**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Carolyn Sue LOUK, Defendant–
Appellant.**

**No. 00–4721.**

United States Court of Appeals,
Fourth Circuit.

Submitted June 21, 2001.

Decided June 29, 2001.

**52**

G. Patrick Stanton, Jr., Stanton & Stanton, Fairmont, WV, for appellant. Melvin W. Kahle, Jr., United States Attorney, Sherry L. Muncy, Assistant United States Attorney, Elkins, WV, for appellee.

Before WIDENER and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

OPINION

PER CURIAM.

Carolyn Sue Louk appeals from the district court's order revoking her probation and imposing a two-year sentence. On appeal, Louk contends that the district court abused its discretion by imposing a two-year sentence based on the court's evaluation of her need for mental health and drug treatment without the testimony

of an expert. She also contends that counsel rendered ineffective assistance during the revocation hearing. We affirm.

■ Upon finding a probation violation, the district court may revoke probation and resentence the defendant to any sentence permitted for the original offense. 18 U.S.C.A. § 3565(a) (West 2000); *United States v. Schaefer,* 120 F.3d 505, 507 (4th Cir.1997). In determining a defendant's sentence, the court is authorized to consider the defendant's medical and correctional needs. 18 U.S.C.A. § 3553(a)(2)(D) (West 2000); *United States v. Jackson,* 70 F.3d 874, 880 (6th Cir.1995). Based on the court's involvement and knowledge of Louk's case, the court expressed concern that Louk was in need of a full mental health evaluation and treatment, "so that ... her pattern upon release will not be destructive and put her back in the cycle." (JA at 9). We find that the district court was within its discretion to reject the sentence suggested by the guidelines and impose a statutorily-authorized sentence of twenty-four months in order to provide for Louk's need of treatment. *See United States v. Davis,* 53 F.3d 638, 642–43 (4th Cir.1995).

■ Louk contends that counsel was ineffective for failing to subpoena witnesses to challenge the validity of the conviction upon which Louk's revocation was based, for informing the court that the conviction was valid, and for stating that she did not believe Louk was a good candidate for supervision. Claims of ineffective assistance of counsel must be raised in the district court in a motion under 28 U.S.C.A. § 2255 (West Supp.2000), unless the record on direct appeal conclusively establishes ineffective assistance. *United States v. King,* 119 F.3d 290, 295 (4th Cir.1997). The record here does not clearly show such ineffective assistance. Ac-

cordingly, this claim entitles Louk to no relief.

In conclusion, we affirm the district court's order revoking Louk's probation and imposing a two-year sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED.*